AMY, J.,
concurring in part, dissenting in part.
liThe majority reverses the trial court’s allocation of fault and award of general damages in favor of the plaintiffs. I respectfully dissent from those portions of the opinion as I find an affirmation in full is appropriate.
First, I find no error in the jury’s allocation of forty-five percent of the fault to a third person. The record includes conflicting evidence in regard to whether Mrs. Pfefferle or any third person was at fault in the accident. There was testimony from Best Western employees indicating that, if the sleeper was indeed in the defective condition alleged, one would have noticed this when the sleeper sofa was initially opened. The plaintiffs testified to the contrary, alleging they did not see that the sofa sleeper was defective when they opened it. Based upon this evidence, I find that it is possible the jury attributed fault to a patron of the defendant hotel who may have caused a spring to fall out, the manufacturer of the sofa sleeper, or any other person who may have contributed to the accident. It is not necessary that the third party fault be attributed to any of the parties of this suit. La.Civ. Code art. 2323(A). In light of the conflicted evidence and the manifest error standard of review, I would not disturb the jury’s factual finding as to the allocation of fault.
Further, I find that the record supports the jury’s determination that no more than the $15,000.00 for medical expenses should be awarded to the plaintiffs. It is reasonable that the jury found Mrs. Pfefferle’s testimony incredible and determined |2that her accident did not increase any level of pain and suffering, and that any injury caused by the accident was treated by the surgery. Accordingly, I would not disturb the jury’s $15,000.00 award.
In all other respects, I concur in the majority opinion.